UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                 Plaintiff

v.                                                            Criminal Action No. 3:25-cr-00026-RGJ

KEITH DOUGLAS PHILLIPS                                                               Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Keith Douglas Phillips ("Phillips") moves to review and revoke order of detention. [DE 14]. The United States responded. [DE 17]. This matter is ripe. For the reasons stated below, Phillips' motion [DE 14] is **DENIED**.

**I.     BACKGROUND**

Phillips has been indicted on one count of theft of government funds in violation of 18 U.S.C. § 641 and one counts of false statements in violation of 18 U.S.C. § 1001. [DE 1 at 1-2.] In sum, it is alleged that Phillips

> filed an application for an apartment at Shalom Towers in Louisville on November 23, 2022, and claimed that he resided at 1606 Greyling Drive, Apartment 8, Louisville, Kentucky, when in fact he was in the custody of the Bureau of Prisons and the United States Marshal Service between April 6, 2022, and November 1, 2024, which enabled him to subsequently receive over $1,000 in Housing and Urban Development (HUD) benefit payments and overpayments which he was ineligible to receive.

[*Id.* at 1]. Phillips appeared for his initial appearance and arraignment on February 20, 2025. [DE 9]. The United States moved to detain Phillips, and a detention hearing was held on February 25, 2025, before Magistrate Judge Lindsey [*see* DN 12]. Phillips was ordered detained pending trial. [*see* DN 13]. At the time of the hearing, it was established that this is not a presumption case. The United States then asserted that detention was appropriate because of (1) risk of flight based on his

2008 escape from the Bureau of Prisons ("BOP") and attempting to subsequently out run the United States Marshals; (2) risk of failure to appear based on his history of false and fraudulent criminal activities between the early 1970s and his current charges which involve use of aliases and identity theft; (3) his numerous violations while on probation or supervised release; (4) his propensity to commit crimes of fraud even while in custody or on supervision; and (5) danger to the community. Defense asserted that these are not violent crimes, that there is evidence that this was a residence his family was working to obtain for him for when he was released from custody, that there are conditions available to protect the public such as tracking his of use of electronics and the internet, and his current medical issues.

On March 6, 2025, Phillips moved this Court revoke his detention order. [DE 14]. He asserts that the Magistrate Judge did not properly consider "the least restrictive condition, or combination of conditions, that would reasonably assure his appearance as required, and the safety of the community or another person." [DE 14 at 30]. Moreover, he asserts that he has "agreed to the most restrictive condition – home incarceration; as well as having his mother serve as a third party custodian. Phillips believes these most restrictive conditions will reasonably show that he is not a risk of flight or a danger to anyone." [*Id.* at 29].

## II.   DISCUSSION

### 1. Standard

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." This Court reviews a Defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985). On review, this Court engages "in the

same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (citing *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985)).

Under the Bail Reform Act, a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004)(noting that the requirement is not one of "guarantee," but instead "reasonable assurance"). To merit an order of detention, the United States must prove either (1) that the defendant poses a risk of flight, *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); or (2) that he poses a risk to the safety of others and the community, *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010) (citing 18 U.S.C. § 3142(f)(2)(B)). Reconsideration of a defendant's detention order may be granted only on new information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f); *United States v. Shelton*, No. 3:19-CR-14, 2020 WL 1815941, at *2 (W.D. Ky. Apr. 9, 2020).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the district court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(1)-(4). A judge's finding that no set of conditions will reasonably assure the appearance of the person and/or the defendant poses a threat to the safety of any other person in the community must be supported by clear and convincing evidence. *Id.* at § 3142(f)(2)(B). Proof of risk for flight is determined by a preponderance of the evidence. *United States v. Kirk*, No. 93-1459, 992 F.2d 1218 (6th Cir. 1993).

Section 3142(c)(1)(B) provides that, if a judicial officer determines the pretrial release of a defendant will endanger the safety of the community, the court must use "the least restrictive further condition, or combination of conditions" to reasonably assure the safety of the community. The statute goes on to provide an illustrative list of the types of conditions that the court may use to effect this purpose. 18 U.S.C. § 3142(c)(1)(B)(i)–(xiv); *United States v. Spivak*, 555 F. Supp. 3d 541, 549 (N.D. Ohio 2021).

2. **Motion to Revoke Detention Order**

The Magistrate Judge found that the United States met its burden for detention and on a *de novo* review this Court agrees both as to risk of flight and danger to the community.

   a. <u>Risk of Flight</u>

The Court finds that the record shows by a preponderance of the evidence that Phillips poses a risk of flight. First and foremost, in 2008 Phillips was convicted of felony escape here in the Western District of Kentucky. *United States v. Phillips*, 3:23-CR-54, DE 46 at 250-51. Specifically, the Presentence Report ("2023 PSR") from his most recent federal case reveals that

> On November 14, 2008, Mr. Phillips walked off the prison grounds. On November 17, 2008, a warrant for Mr. Phillips arrest was issued for Escape. On November 25, 2008, the U.S. Marshal Service arrived at 1485 Glengary Drive, Louisville, Kentucky, the home of a cousin of Mr. Phillips. The Marshals observed Mr. Phillips and Timothy Murphy (co-defendant in instant federal case) inside a vehicle outside the residence. As officers from the Marshals Task Force approached the vehicle, Timothy Murphy exited the vehicle and was detained. Mr. Phillips drove off in the vehicle. He drove for a short distance and then stopped and fled on foot. After a foot chase, Mr. Phillips was caught and detained.

*Id.* at 251. While Phillips argues that he did not flee on foot, this incident is substantial proof of risk of flight.

Additionally, the 2023 PSR lists twelve aliases, four alternate birth dates, and two alternate social security numbers. *United States v. Phillips*, 3:23-CR-54, DE 46 at 230. Along with his propensity for fraud, falsity, and identity theft, there is clearly a risk of flight which is heightened due to his ability to use and create these various aliases and identifying information. The Court therefore finds by a preponderance of the evidence that Phillips is a risk of flight. While electronic monitoring as a condition of release may somewhat mitigate this risk of nonappearance, Phillips' willingness to run from law enforcement even when being monitored or in custody makes this condition ineffective.

      b. <u>Danger to the Community</u>

As to the risk of dangerousness to others, Phillips' presentence report from his federal conviction in Case No. 3:10-CR-75 ("2010 PSR") reveals that Phillips has 38 criminal history points, with many of his convictions resulting from crimes committed while in custody, including the instant offense, and over 30 disciplinary incidents in prison. *See United States v. Phillips*, 3:10-CR-00075, DE 426; *United States v. Phillips*, 3:23-CR-54, DE 46 (because of the age of many of his criminal convictions they no longer score in the 2023 PSR, however, he still scores a 13 and is a Category VI). Moreover, the types of crimes he has committed over the past 50 years are all crimes which involve nothing more than a computer or phone to commit and no prior sentence has stopped him from continuing to commit fraud on the community. And while defense argues that there are electronic restrictions that can be placed on Phillips to prevent these crimes, the Court questions this assertion, as no set of restrictions even while incarcerated have prevented him from continuing to commit fraud on the community. This was also specifically addressed by Magistrate Judge Lindsay who noted that in addition to electronics these frauds can be perpetrated by phone, or even by in person visits to individuals, government agencies, or businesses. As such there is no condition, or combination of conditions, which would mitigate risk to the community.

Although Phillips argues that because his charges are non-violent offenses, and there is no evidence to support dangerousness, several courts have rejected this argument that financial crimes pose no danger to the community. S*ee United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) (recognizing that a defendant convicted of financial crimes posed a danger to community, as "danger may, at least in some cases, encompass pecuniary or economic harm"); *cf. United States v. Tragas*, No. 09-20023-10, 2020 WL 5064383, at *7 (E.D. Mich. Aug. 27, 2020) (denying defendant's motion for compassionate release because "[w]hile defendant has no violent criminal

6

history," his extensive fraudulent activity rendered him an economic danger to the community). There is no question that economic crimes have victims and negatively impact the community.

      c. <u>Factors Under Section 3142</u>

As to 18 U.S.C. § 3142(g)(1), the nature and circumstances of the offense charged, the charges here are for crimes of fraud and expressions of falsity. These are all similar in nature to Phillips' very lengthy history of fraud crimes which began in the early 1970s.

As to 18 U.S.C. § 3142(g)(2), the weight of the evidence, this factor specifically refers to the weight of the evidence of dangerousness and not the weight of the evidence of guilt. *Stone*, 608 F.3d at 948. Here, Phillips' criminal history indicates a significant risk of re-offending and of violating release, as his parole has previously been revoked on numerous occasions, which presents a threat to the community. As evidence of both flight and dangerousness, his prior presentence investigation report lists twelve aliases, four alternate birth dates, and two alternate social security numbers. *United States v. Phillips*, 3:23-CR-54, DE 46. Along with his propensity for fraud, falsity, and identity theft, there is clearly evidence of dangerousness.

As to 18 U.S.C. § 3142(g)(3), the Court considers the history and characteristics of the defendant which include a wide range of factors such as the defendant's character, family ties, employment, financial resources, criminal history, and whether, at the time of the current offense or arrest, the defendant was on release pending trial. The Court specifically considers whether the defendant was "on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law" at the time of the current offense or arrest. 18 U.S.C. § 1342(g)(3)(b). The offenses at issue here occurred while Phillips was under a criminal justice sentence at a half-way house, as did the great majority of his prior convictions, many of them being committed while serving in custody. This is not an isolated

incident; as Magistrate Judge Lindsay noted in his detention hearing, Phillips has a history of participating in criminal activity while on probation, parole, or supervision. [*see* DE 12]. Moreover, all these crimes were committed over the past 50 years with the same level of family ties and financial resources. As such these considerations are not persuasive.

As to 18 U.S.C. § 3142(g)(4), the nature and seriousness of the danger to any person or the community that would be posed by defendant's release must be considered. While Phillips has served multiple sentences for crimes of fraud against the community, these have not stopped him from continuing to be a danger to the community through the commission of economic crimes.

### III.     CONCLUSION

The Court has reviewed the evidence presented at the detention hearing and listened to the hearing in its entirety. Phillips has presented no additional evidence that he does not pose a danger of continued criminal activity. For the reasons explained above and in the prior detention hearing and orders, the Court finds, by clear and convincing evidence, that Phillips poses a danger to the community and that there is no condition or set of conditions of release that can adequately protect the community. *United States v. Vance*, No. CR 5:20-063-DCR, 2023 WL 116331, at *3 (E.D. Ky. Jan. 5, 2023) (citing *United States v. Sykes*, 453 F. Supp. 3d 1011, 1017 (E.D. Mich. Apr. 13, 2020) ("Given his past criminal conduct . . . and apparent disregard for the terms of his probation, [the defendant's] history and characteristics weigh strongly in favor of detention.")).

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Phillip's Motion to Revoke Detention Order [DE 14] is **DENIED**.

_Rebecca Grady Jennings, District Judge_
United States District Court

March 18, 2025

Cc:   Counsel of Record