UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                          Plaintiff

v.                                                                               Criminal Action No. 3:25-cr-00026-RGJ

KEITH DOUGLAS PHILLIPS                                                                           Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Keith Douglas Phillips ("Phillips") filed a pro se motion for discovery. [DE 20]. Phillips is represented by counsel, and for the reasons below, his motion will not be considered by the Court but forwarded by the Clerk of Court to Phillips' counsel. Any future document filed in the record must be filed by Phillips' counsel and Phillips is **WARNED** that future filings not submitted by counsel may result in him being designated as restricted filer in this case.

It is well established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806, 818 (1975). However, a criminal defendant does not have the right to hybrid representation. *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987). When addressing the issue of hybrid representation, the Sixth Circuit has stated:

> The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*Id.* (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)).  Simply put, "a defendant represented by counsel must rely upon that counsel." *United States v. Darwich*, No. 09-cr-20280, 2010 WL 4822891 at *1 (E.D. Mich. Nov. 22, 2010).

Courts in the Sixth Circuit have applied the reasoning from *Mosely* in exercising their discretion to deny without consideration pro se motions filed by represented defendants. *See United States v. Shephard*, No. 1:19-CR443, 2021 WL 1239360, at *1 (N.D. Ohio Apr. 2, 2021); *United States v. Al-Hisnawi*, 20-CR-20058, 2020 WL 2315878 *2 (E.D. Mich. May 11, 2020); *United States v. Michaeloski*, No. 1:12-CR-112, 2013 WL 139192, at *2, n.3 (E.D. Tenn. Jan. 10, 2013).

As set forth above, a defendant does not have a right to hybrid representation.  Absent some unusual circumstance, this Court will not consider pro se letters or motions filed by represented defendants personally.

Additionally, it is well established that a court possesses the inherent authority to control proceedings before it, and to take all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  Where a party repeatedly takes actions that interfere with the orderly processing of cases, a court may impose prospective of filing restrictions. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) *see also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

The Court cannot entertain a pro se filing as detailed above.  Because Phillips is represented by counsel, his pro se motion serves no legitimate purpose, places a burden on the Court's limited resources, and wastes the time and resources of all the parties involved in the case. Phillips is **WARNED** that failure to refrain from filing pro se documents in the record may result in an Order from the Court designating Phillips as a restricted filer, ordering the Clerk's office to refrain from

docketing Phillips' filings, and instead, forwarding any such filings to Phillips' counsel for review to determine the merit and appropriateness of the proposed filing. In the event Phillips and his counsel do not agree as to whether the document is appropriate, Phillips would have to seek permission from the Court before filing.

Accordingly, it is **ORDERED** as follows:

Phillips' pro se motion for discovery [DE 20] will not be considered by the Court and will be forwarded to counsel. The Clerk shall terminate [DE 20] in CM-ECF.

Rebecca Grady Jennings, District Judge
United States District Court

March 21, 2025

Cc:   Defendant